IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Niemitalo, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:20-1432-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Greenville County, Greenville County Council, and Greenville County Planning Commission, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Niemitalo, Inc.'s ("Plaintiff") motion to remand the instant matter against Defendants Greenville County, Greenville County Council ("County Council"), and Greenville County Planning Commission ("Planning Commission") (collectively "Defendants"). For the reasons set forth below, the court grants Plaintiff's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a corporation that develops, designs, builds, and sells single-family homes. (Am. Compl. ¶ 9, ECF No. 5.) Plaintiff claims that it submitted a preliminary residential subdivision plan for a proposed development in Greenville County, South Carolina and that the Planning Commission denied Plaintiff's plan. (Id. at ¶¶ 13-15, 34, ECF No. 5.) Plaintiff appealed the Planning Commission's denial to the Greenville County Court of Common Pleas, and that matter is still pending. (Mot. Remand Attach. 1 (Mem. 4), ECF No. 6-1; Reply 2, ECF No. 13.)

On April 3, 2020, Plaintiff filed the instant action in state court, alleging seven causes of action against the Defendants: (1) declaratory judgment regarding the invalidity of a Greenville County land development regulation; (2) declaratory judgment regarding the invalidity of the

Planning Commission's bylaws; (3) due process violations; (4) injunctive relief; (5) gross negligence against the County Council; (6) gross negligence against the Planning Commission; and (7) civil conspiracy. (Removal Attach. 1 (State Court Docs., generally), ECF No. 1-1.) In support of these claims, Plaintiff relied on both state and federal law, including the Equal Protection and Due Process clauses of the United States and South Carolina Constitutions, various South Carolina statutes, and 42 U.S.C. § 1983. (Id., ECF No. 1-1.)

Defendants removed the instant matter on the basis of federal question jurisdiction on April 15, 2020. (Removal 1-2, ECF No. 1.) On April 29, 2020, Plaintiff filed an amended complaint, asserting the same causes of action as it did in its original complaint. (Am. Compl., generally, ECF No. 5.) However, Plaintiff's amended complaint does not reference any federal law in support of these claims. (Id., ECF No. 5.) Additionally, on April 30, 2020, Plaintiff filed a motion to remand, arguing that the court lacks subject matter jurisdiction and that judicial economy, convenience, comity, and fairness warrant remand of this case because the federal law claims have been eliminated from the case. (Mot. Remand, generally, ECF No. 6.) Defendants filed a response on May 14, 2020. (Resp., ECF No. 8.) On May 21, 2020, Plaintiff filed a reply. (Reply, ECF No. 13.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under federal question jurisdiction, parties may remove "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction must be strictly construed, with doubts resolved in favor of remanding the case to state court. See Mulcahey v. Columbia

Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted). Further, "embodied in the well-pleaded complaint rule . . . [is] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987).

Upon the filing of the complaint, Defendants were entitled to remove the case to this court based on federal question jurisdiction in light of the claims arising under federal law and supplemental jurisdiction over the state law claims. See 28 U.S.C. §§ 1331, 1367. However, Plaintiff eliminated the federal law claims through its amended complaint. Therefore, the court must determine whether to continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

"[D]istrict courts may decline to exercise supplemental jurisdiction . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). District courts have discretion in making this determination and "should consider and weigh [several factors, including] . . . judicial economy, convenience, fairness, and comity . . . ." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (citation omitted). Additionally, district courts should consider "manipulative tactics" as another non-dispositive factor. Id. at 357. "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." Id. at 350.

In the instant matter, Plaintiff eliminated all of its federal claims at an early stage of the litigation, less than one month after Plaintiff filed the original complaint and before Defendants filed an answer. Further, South Carolina has a strong interest in deciding the state law issues that remain. In addition, the Fourth Circuit "evince[s] a strong preference that state law issues be left to state courts . . . ." Arrington v. City of Raleigh, No. 09-1207, 2010 WL 750085, at *3 (4th Cir. Mar. 5, 2010) (unpublished).[1] Therefore, the balance of the applicable factors supports remanding this matter to state court.

Moreover, removing federal claims post-removal to eliminate federal jurisdiction does not bar a remand. See, e.g., Wood v. Crane Co., 764 F.3d 316, 318, 320-22 (4th Cir. 2014) (affirming a district court's decision to remand a case to state court after plaintiff amended his complaint to eliminate the claims allowing for federal jurisdiction); Flowers v. South Carolina, C/A No. 8:15-706-TMC, 2015 WL 6903581, at *1-2 (D.S.C. Nov. 9, 2015) (unpublished) (remanding case where a second amended complaint, filed after removal, dismissed all federal

---

[1] Before removal, Plaintiff provided copies to Defendants of two proposed motions to consolidate the instant matter with the pending appeal and to join Greenville County and County Council as parties to the appeal. (Mot. Remand Attach. 1 (Mem. 5), ECF No. 6-1.) Defendants argue that remand is improper because, assuming these two motions will be filed and granted, the causes of action in the instant matter "are things that should never be included in the state court appeal" and "[t]he state court cannot make findings of fact other than those that appear from . . . the facts found by the Planning Commission." (Resp. 10, ECF No. 8.) However, those issues rest with the state court. The sole issues before the court are whether Plaintiff's abandonment of its federal claims post-removal bars remand and whether the court, in its discretion, should exercise supplemental jurisdiction over Plaintiff's remaining state law claims in its amended complaint.

Defendants also assert that these motions, along with the amended complaint, are evidence of Plaintiff manipulating the forum. (Id. at 9-11, ECF No. 8.) However, as discussed herein, Plaintiff is the master of its complaint and has the authority to eschew federal claims to pursue the matter in state court. Moreover, as a safeguard against potential manipulation, the court will dismiss Plaintiff's federal law claims with prejudice.

claims); <u>Fleeman v. Toyota Motor Sales, U.S.A., Inc.</u>, 288 F. Supp. 2d 726, 728-29 (S.D. W. Va. 2003) (granting plaintiffs leave to amend their complaint to eliminate their federal law claims and remanding case to state court). Thus, based on the foregoing, the court declines to exercise jurisdiction over the remaining state law claims, and Plaintiff's motion to remand is granted.

It is therefore

**ORDERED** that Plaintiff's motion to remand, docket number 6, is granted.  The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Greenville County, South Carolina.  It is further

**ORDERED** that Plaintiff's federal law claims are dismissed with prejudice.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
May 27, 2020